**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane Doe, as guardian for John Doe, Appellant,

v.

Doni Rhinehart, Respondent.

Appellate Case No. 2013-000807

———————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-060
Submitted December 1, 2014 – Filed February 4, 2015

———————

**AFFIRMED**

———————

Gregg E. Meyers, of Jeff Anderson & Associates, P.A., of St. Paul, MN, for Appellant.

James P. Walsh and Amy Miller Snyder, both of Clarkson Walsh Terrell & Coulter, P.A., of Greenville, for Respondent.

———————

**PER CURIAM:** Jane Doe, as guardian for John Doe, appeals an order of the circuit court granting summary judgment to Doni Rhinehart. Jane Doe argues the circuit court erred by (1) viewing the evidence in the light most favorable to the

movant, Rhinehart, rather than to the nonmoving party, Jane Doe; (2) not considering the discovery issues set forth in her opposing affidavit; and (3) not considering her proposed amended complaint. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred by viewing the evidence in the light most favorable to Rhinehart rather than Jane Doe: *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 576, 762 S.E.2d 696, 700 (2014) (stating that when reviewing a grant of summary judgment, this court applies the same standard applied by the circuit court pursuant to Rule 56(c), SCRCP); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("Summary judgment is proper if, viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law."); *Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998) ("An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence."); *Hendricks v. Clemson Univ.*, 353 S.C. 449, 456, 578 S.E.2d 711, 714 (2003) ("Whether the law recognizes a particular duty is an issue of law to be decided by the [c]ourt."); *Doe ex rel. Doe v. Wal-Mart Stores, Inc.*, 393 S.C. 240, 246, 711 S.E.2d 908, 911 (2011) ("Under South Carolina law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger." (internal quotation marks and citation omitted)); *id.* at 247, 711 S.E.2d at 912 ("[I]f no duty has been established, evidence as to the standard of care is irrelevant. Only when there is a duty would a standard of care need to be established.").

2. As to whether the circuit court erred by not considering the discovery issues set forth in Jane Doe's opposing affidavit: *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 311, 698 S.E.2d 773, 779 (2010) (holding that for an issue to be properly preserved for appeal, it must have been both raised to and ruled on by the circuit court, and where the circuit court's order did not address the appellant's argument and the appellant did not bring the absence of this issue to the circuit court's attention in a motion to alter or amend, the issue was not preserved); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

3.  As to whether the circuit court erred by not considering Jane Doe's proposed amended complaint: *Mathis*, 389 S.C. at 311, 698 S.E.2d at 779 (holding that for an issue to be properly preserved for appeal, it must have been both raised to and ruled on by the circuit court, and where the circuit court's order did not address the appellant's argument and the appellant did not bring the absence of this issue to the circuit court's attention in a motion to alter or amend, the issue was not preserved).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.